The Commercial National Bank of Pennsylvania *v.* Jeannie G. McClain and John Field, Executors of Edward McClain, Deceased.

*Promissory notes—Accounts—Question for jury.*

In an action upon a promissory note by a bank against the maker, it appeared that the payee of the note transferred it by indorsement to the bank, and the latter received from the maker an assignment of certain claims as collateral security. The note was a substitute for three other notes made by the maker to the same payee, and indorsed by him to the bank. The bank kept an account with the maker, in which it charged him with the note, and subsequently credited him with certain amounts, the aggregate of which did not equal the face of the note. The bank also kept an account with the payee of the note, in which it charged him with the amount of three notes which had matured, and credited him on the same day with the substituted note. At the time of the trial the account of the payee showed a balance due the bank. *Held,* in the failure of the defendant to point out anything in the accounts between the payee and the bank, which was applicable as a payment on the note, that it was proper to give binding instructions for the plaintiff.

Argued April 12, 1895. Appeal, No. 253, Jan. T., 1895, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1891, No. 89, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note. Before BRÉGY, J.

The note was as follows :

"$7500.00                PHILADELPHIA, Nov. 12th, 1885.

"On demand after date I promise to pay to the order of Nelson Bros. and Co. Seventy five hundred /100 Dollars, with interest on the same from Sept. 18, 1885, without defalcation, Value received.

"No. 7251.  Due . . .        (signed)    E. McCLAIN.
" (Endorsed) : Nelson Brothers & Co."

The following credits appeared upon the back of said note :

| | | | |
|---|---|---|---|
| 1886, May 8th, Cr. by cash | | $464 | 60 |
| 1887, Feb. 23, " " " | | 939 | 35 |
| 1887, Dec. 6, " " " | | 338 | 42 |
| 1888, Feb. 6, " " " | | 274 | 51 |
| | | $2016 | 88 |

This note was not discounted nor protested. It was merely given in renewal of three previous notes that had become due, aggregating the same amount, with additional collateral.

From 1883 to 1885, inclusive, Nelson Bros. & Co. had kept their account with the Commercial National Bank, and were in the habit of getting the notes of Edward McClain and other parties discounted by the bank for their benefit. As the notes became due, they were paid by Nelson Bros. & Co. by their checks upon the bank. This course of business continued until the firm of Nelson Bros. & Co. went into liquidation and transferred all their assets to the bank as security for the payment of their debts. Among them were three notes of Edward Mc-Clain, one of $3,000, another of $2,500, and another of $2,000. All of them had been indorsed by and discounted for Nelson Bros. & Company by the bank.

On November 12, 1885, in place of these three notes, the bank accepted the note in suit, with an assignment of a number of lien claims, amounting with interest included, altogether to $7,529.48 as additional collateral security. Appended to the schedule was this note from McClain's counsel to the counsel for the bank:

" Dear Sir: The interest has not been calculated very closely, and at the same rate of increase as in the ' Harrowgate & Unknown ' cases, would run several hundred dollars in excess of above total I should think. Although there may be some slight objection to some of above claims when the properties liened are sold the conveyancers almost invariably insist on payment of claims and considering the other securities held as collateral I think the bank ought to be satisfied with this collateral.

" Yours truly,

" (Signed)                                    H. C. T.

" James W. Paul, Esq."

After this the bank went on with the collection of the assets and finally closed out the account of Nelson Brothers & Co. with the following entries:

| Nov. 5, 1888, By profit and loss, | . | . | . | $1,312 68 |
| May 6, 1889,      "      " | | . | . | 1,000 00 |

This represented the balance that was due May 6, 1889 by Nelson Brothers & Co. to the bank. A separate account ap-

pears to have been kept of the note of Edward McClain, for $7,500, on which the credits were indorsed for $2,016.88 as above mentioned.

On the trial of the case the plaintiffs offered the note in evidence and rested. The defendants called for the production of the accounts of Nelson Brothers & Co., in which the notes of Edward McClain were included, and put them, together with the papers assigning lien claims to plaintiff, in evidence.

The following accounts were offered in evidence:

| DR. | | | NELSON BROS & CO. | | CR. | |
|---|---|---|---|---|---|---|
| 1885. | | | 1885. | | | |
| Sept. 17, 1 | 150 | 00 | Sept. 16, Balce | 154 | 91 | |
| 18, 1 | 235 | 70 | 18, C | 163 | 69 | |
| 19, 1 | 35 | 00 | 19, " | 136 | 96 | |
| 23, 1 | 28 | 50 | Oct.  3, " | 192 | 50 | |
| 29, 1 | 2 | 00 | 7, " | 34 | 50 | |
| Oct.  5, 1 | 120 | 00 | 12, " | 60 | 00 | |
| 7, 1 | 72 | 40 | Nov. 28, " D (*McClain*) | 7500 | 00 | |
| 12, 1 | 85 | 00 | Dec. 31, " | | 90 | |
| 14, 1 | 12 | 96 | | | | |
| Nov.  2, 1 | 1 | 90 | | | | |
| 28, 1 | 7500 | 00 | | | | |
| | 8243 | 46 | | 8243 | 46 | |

(Copy.)

NELSON BROS. & CO. in Liquidation, in account with the COMMERCIAL NATIONAL BANK OF PENNA.

**Dr.**

| | | | |
|---|---|---|---|
| No. 1434 | Aug. 7, 83 | Disct Book No. 45, | 6500 00 |
| 2509 | Oct. 5, 83 | do 45, | 651 31 |
| 3279 | Nov. 12, 83 | do 45, | 6000 00 |
| 4877 | | do 45, | 6737 93 |
| | | Interest | 148 00 |
| | | | 19057 33 |
| 1885 | | | |
| March 4, | No. 2805 Mar. 7, 85 | Disct. Book No. 46. | 19057 33 |
| May 16, | Jany.14th,84 | Disct. Book No. 45 | 1352 24 |
| No. 4877 | Apl. 20, 85 | do 46 | 7262 07 |
| 4474 | Aug. 4, | do 46 | 700 00 |
| 5780 | Jany. 10, | do 46 | 750 00 |
| 1792 | | do 46 | 344 80 |
| | | Int. | 600 00 |
| Sept. 12 | Insurance on Mill | | 9716 89 |
| Nov. 13 | Jany. 10, 85, Disct. Bk. No. 46, | | 430 00 |
| No. 1792 | " 27, " do " | | 155 18 |
| 2053 | Apl. 15, " do " | | 2500 00 |
| 4406 | July 17, " do " | | 6000 00 |
| 5536 | Int. | | 1450 00 |
| 1886 | | | |
| Feby. 13, | No. 2292 Feby. 9, 85, Disct. Bk. No. 46 | | 10105 18 |
| Feby. 13, | Int. on Loans | | 12 08 |
| Feby. 13, | | | 692 02 |
| 1887 | | | |
| July 12, | 10 p. c. allot. Harwood Land Co. | | 193 87 |
| Dec. 12, | Chas. Nelson | | 100 00 |
| 15, | No. 4404 due 4-6-85 Disct. Bk. No. 46 4-15-85 | | 1829 44 |
| " | 4547 " 4-25-85 " 5-2-85 | | 1800 00 |
| " | 4959 " 6-10-85 " 6-10-85 | | 2050 00 |
| " | 5327 " 7-8-85 " 7-8-85 | | 2750 00 |
| " | 6320 " 9-10-85 " 8-10-85 | | 800 00 |
| | | | 51789 05 |
| 1891. | | | |
| July 6, | Sub. to Harwood Land & Imp. Co. | | 250 00 |
| Sept. 5, | Bales of Sub. to do | | 750 00 |
| | | | 1000 00 |
| 1893. | | | |
| Nov. 6, | Demand Note No. 4850, May 22, 85, | | 1950 00 |

**Cr.**

| | | |
|---|---|---|
| | | 19057 33 |
| | | 11060 13 |
| | Int. | 410 03 |
| | Patton Allison & J. | 7700 00 |
| | Profit and Loss | 1312 08 |
| | Profit and Loss | 1000 00 |
| | | 51789 05 |
| 1892, Apl. 1, | Final Div. Harwood Land & L. Co. | 67 29 |
| 1893, May 1, | Profit and Loss | 932 71 |
| | | 1000 00 |
| 1893, Nov. 6, | Profit and Loss | 950 00 |

## Copy of E. McClain's Account with the Commercial National Bank of Penna.

**Dr.**

| 1883. | | | |
|---|---|---|---|
| May 9 | Paid | . . . . . . | 4000 |
| Sept. 26 | do | . . . . . | 3000 |
| Nov. 6 | do | . . . . . | 3000 |
| 1884 | | | |
| Jany. 21 | do | . . . . | 2500 |
| " 29 | do | . . . . | 3000 |
| Apl. 23 | do | . . . . | 2500 |
| May 14 | do | . . . . | 1000 |
| " 31 | do | . . . . | 3000 |
| May 3 | do | . . . . | 1200 |
| " 20 | do | . . . . | 1350 |
| Aug. 26 | do | . . . . | 2000 |
| Oct. 4 | do | . . . . | 2500 |
| Dec. 2 | do | . . . . | 2000 |
| " 31 | do | . . . . | 3000 |
| 1885. | | | |
| Feby. 7 | do | . . . . | 2500 |
| Mch. 3 | do | . . . . | 2000 |
| May 7 | do | . . . . | 3000 |
| June 9 | do | . . . . | 2500 |
| " 9 | do | . . . . | 2000 |
| Nov. 28 | do by proceeds of Demand Loan below | . | 7500 |
| | | | 53550 |
| 1886. | | | |
| May 8 | Cash | . . . . | 464 60 |
| 1887 | | | |
| Feby. 23 | " | . . . . | 939 35 |
| Dec. 6 | " | . . . . | 338 42 |
| 1888 | | | |
| Feby. 6 | " | . . . . | 274 51   2016 88 |

**Cr.**

| 1883 | | | | |
|---|---|---|---|---|
| Jany. 6 | E. McClain's Note, | Due Mar. | 9, 83 | 4000 |
| May 23 | " | Sept. | 26, " | 3000 |
| July 3 | " | Nov. | 6, " | 3000 |
| Sept. 18 | " | Jany. | 21, 84 | 2500 |
| " 26 | " | " | 29, " | 3000 |
| 1884 | | | | |
| Jany. 21 | " | Apl. | 23, | 2500 |
| " 21 | " | May | 24, " | 1000 |
| " 29 | " | June | 1, " | 3000 |
| Feby. 4 | " | May | 3, " | 1200 |
| Mch. 13 | " | June | 1, " | 1350 |
| Apl. 23 | " | Aug. | 26, " | 2000 |
| May 31 | " | Oct. | 3, " | 2500 |
| Aug. 26 | " | Nov. | 29, " | 2000 |
| Sept. 3 | " | Dec. | 29, " | 3000 |
| Oct. 4 | " | Feby. | 6, 85 | 2500 |
| Dec. 2 | " | Mar. | 3, " | 2000 |
| " 30 | " | May | 2, " | 3000 |
| 1885 | | | | |
| Feby. 7 | " | June | 9, | 2500 |
| Mch. 3 | " | " | 6, " | 2000 |
| May 7 | " | Sept. | 5, " | 3000 |
| June 9 | " | " | 5, " | 2000 |
| " 9 | " | Oct. | 12, " | 2500 |
| | | | | 53550 |
| 1885 | | | | |
| Nov. 28 | Demand note E. McClain | | | 7500 |

The defendants' counsel contended that inasmuch as the notes given by McClain to Nelson Brothers & Co. were transferred to the bank as collateral for their indebtedness to the bank, and were only accommodation notes, all the bank had a right to recover was the balance due by Nelson Brothers & Co. at the closing of the account, which was $2,312.68, with interest, subject to the credits indorsed on the back of McClain's note of $2,016.88, with interest; these latter credits did not appear to be allowed in Nelson Brothers & Co.'s liquidation account; no suit had been brought by the bank against Nelson Brothers & Co. to recover the above balance.

Plaintiff denied that the notes were accommodation notes.

The court charged as follows:

I fail to see any defense to this note in the testimony offered, and therefore, under the law, I think it is your duty to render a verdict for the° plaintiff for the amount of this note that has not been paid, that is, the sum less the credits, with interest, of course. [2]

Verdict and judgment for plaintiff for $9,104.50. Defendants appealed.

*Error assigned* among others was (2) charge of the court as above, quoting it.

*Arthur M. Burton*, for appellants.—The case was for the jury: Hart v. Boller, 15 S. & R. 162; Cake v. First Nat. Bank of Lebanon, 86 Pa. 303; Kemmerer's App., 102 Pa. 558; Shrewsbury's Savgs. Inst.'s App., 94 Pa. 309; Wenrich & Co. v. Heffner, 38 Pa. 207.

*Henry C. Terry* and *John G. Johnson*, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895:

We cannot discover in the bank accounts called for and presented by the appellants anything which authorizes or tends to sustain their present contention. The note in suit was made to the order of Nelson Bros. & Co., and payable on demand. The payees transferred it, by indorsement, to the appellee, and the latter received from the maker an assignment of certain securities as collateral to it. It appears from the recital in the

assignment that the note for which the collateral was given was a substitute for three other notes of the assignor held by the bank, drawn to the order of Nelson Bros. & Co., and indorsed by them. It is claimed by the appellants that the note in question and the notes for which it is a substitute were made by McClain for the accommodation of the payees named in them. But we are unable to find in the accounts, the assignment or the letters, anything which establishes this claim. This, however, is not a matter of much importance in the case, and we merely refer to it in passing. The controlling question is whether the note has been paid by the maker and payees or by either of them, and if not how much has been paid upon it beyond the sums credited in the bank's account with McClain. These credits from May 8, 1886, to Feb. 6, 1888, inclusive, amount to $2,016.88. Whether they represent sums realized from the collateral and paid to the bank by Terry in accordance with McClain's letter to him we cannot say; nor is there anything in the evidence to enlighten us on this point. The learned counsel for the appellants has not directed our attention to anything in the accounts between Nelson Bros. & Co. and the bank which is applicable as a payment on the note, and we are not able to find from the evidence that there should be other credits upon it than those made as above stated.

We think therefore that the learned court below did not err in its instruction to the jury.

Judgment affirmed.